UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

DAVID MICHAEL GILBERT,

    Plaintiff,

v.             Case No. 3:06-cv-193-J-32HTS

JUDGE CHARLES M. HOLCOMB,
etc.; et al.,

    Defendants.

## ORDER[1]

  Plaintiff, an inmate of the Florida penal system who is proceeding pro se and in forma pauperis, initiated this action by filing a Civil Rights Complaint Form (Doc. #1) (hereinafter Complaint). He names Judge Charles M. Holcomb (the judge who sentenced Plaintiff in state court) and the State of Florida as the Defendants in this action. Plaintiff claims that Judge Holcomb wrongfully failed to credit Plaintiff with 179 days of pretrial confinement when sentencing Plaintiff. Plaintiff seeks "[j]ust

---

[1] Under the E-Government Act of 2002, this is a written opinion and therefore is available electronically. However, it has been entered only to decide the motion or matter addressed herein and is not intended for official publication or to serve as precedent.

compensation for 179 days in prison in the amount of $200.00 per day." Complaint at 10.

On April 26, 1996, the President of the United States signed into law the Prison Litigation Reform Act (hereinafter PLRA). The PLRA requires this Court to dismiss this case at any time if the Court determines that the allegation of poverty is untrue, 28 U.S.C. § 1915(e)(2)(A), or the action is frivolous, malicious, fails to state a claim upon which relief can be granted or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

"A claim is frivolous if it is without arguable merit either in law or fact." Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir.) (citing Battle v. Central State Hospital, 898 F.2d 126, 129 (11th Cir. 1990)), cert. denied, 534 U.S. 1044 (2001). A complaint filed in forma pauperis which fails to state a claim under Fed.R.Civ.P. 12(b)(6) is not automatically frivolous. Neitzke v. Williams, 490 U.S. 319, 328 (1989). Section 1915(e)(2)(B)(i) dismissals should only be ordered when the legal theories are "indisputably meritless," id. at 327, or when the claims rely on factual allegations which are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 32 (1992). Additionally, a claim may be dismissed as frivolous when it appears that a plaintiff has little or no chance of success. Bilal v. Driver, 251 F.3d at 1349.

In this case, Plaintiff seeks monetary relief against Defendants who are immune from such relief.

> "Judges are entitled to absolute judicial immunity from damages for those acts taken while they are acting in their judicial capacity unless they acted in the 'clear absence of all jurisdiction.'" Bolin v. Story, 225 F.3d 1234, 1239 (11th Cir. 2000) (citations omitted). "This immunity applies even when the judge's acts are in error, malicious, or were in excess of his or her jurisdiction." Id. Whether a judge's actions were made while acting in his judicial capacity depends on whether: (1) the act complained of constituted a normal judicial function; (2) the events occurred in the judge's chambers or in open court; (3) the controversy involved a case pending before the judge; and (4) the confrontation arose immediately out of a visit to the judge in his judicial capacity. Scott v. Hayes, 719 F.2d 1562, 1565 (11th Cir. 1983).

Sibley v. Lando, No. 05-12678, 2005 WL 3706396, at *2 (11th Cir. Nov. 29, 2005) (per curiam). Because Plaintiff challenges actions taken by Defendant Holcomb while he was conducting judicial proceedings, it is clear he is absolutely immune from suit in performing these judicial responsibilities.

The State of Florida is also immune from suit in this case.

> It is well established that the eleventh amendment immunizes an unconsenting state from suits brought in federal court by its citizens and citizens of other states. . . .
>
> It is clear that Congress did not intend to abrogate a state's eleventh amendment immunity in section 1983 damage suits. Quern v. Jordan, 440 U.S. 332, 340-45, 99 S.Ct. 1139, 1144-45, 59 L.Ed.2d 358 (1979). Furthermore, after reviewing specific

> provisions of the Florida statutes, we recently concluded that Florida's limited waiver of sovereign immunity was not intended to encompass section 1983 suits for damages. See Gamble, 779 F.2d at 1513-20.

Zatler v. Wainwright, 802 F.2d 397 (11th Cir. 1986) (per curium) (footnote omitted). Here, Plaintiff seeks damages from the State of Florida. Clearly, such damages are barred by the Eleventh Amendment.

Additionally, to the extent Plaintiff seeks damages for his allegedly illegal sentence, his action is premature. In Heck v. Humphrey, 512 U.S. 477, 489 (1994) (footnote and citations omitted), the United States Supreme Court stated that a § 1983 cause of action "attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated." Clearly, Plaintiff's § 1983 claims have not yet accrued because he has not alleged that his post-conviction proceedings (seeking to correct his sentence to reflect credit for time served in pretrial confinement) have terminated in his favor. Therefore, he has failed to state a claim upon which relief may be granted at this time.

Accordingly, for all of the above-stated reasons, this case will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

Accordingly, it is now

**ORDERED AND ADJUDGED:**

1. This case is hereby **DISMISSED WITHOUT PREJUDICE.**

2.  The Clerk of the Court shall enter judgment dismissing this case without prejudice.

3.  The Clerk of the Court shall close this case.

**DONE AND ORDERED** at Jacksonville, Florida, this 10th day of March, 2006.

_____
TIMOTHY J. CORRIGAN
United States District Judge

ps 3/7
c:
David Michael Gilbert